MAY, J.,
dissenting.
I respectfully dissent. The specific allegations in the plaintiffs complaint and the plaintiffs own deposition testimony revealed facts of such an egregious nature that, in my view, they insulate the City from liability under the statutory immunity provided by section 768.28(9)(a), Florida Statutes (2001).[1]
The plaintiffs complaint alleged that City of Fort Lauderdale police officers committed a battery on the plaintiff by use of
excessive force by severely and brutally kicking and beating the Plaintiff in and about his head, body, and extremities as to cause grievous bodily harm and permanent injury. Further, during the transport from the scene of Plaintiffs arrest, he was subjected to further use of excessive force by City of Fort Laud-erdale police officers by their conduct in not placing the available seat belt on the Plaintiff to secure him and despite his existing injuries, and thereafter engaging in a course of conduct by subjecting Plaintiff to be hurled around the transport van through continuous rapid stopping and accelerating of the transport vehicle.
The plaintiff testified that he was hit from the “side or from behind.” Once inside the *1017 truck and while handcuffed, “some officers came in the truck and started kicking me, stared [sic] hitting me ... and just continually kicking me in the head....” He was kicked at least twenty times. According to his testimony, when the van began to move, the officers drove in such a manner to cause the plaintiff to be slammed into the walls of the van continuously.
Section 768.28(9)(a), Florida Statutes (2001) provides:
The state or its subdivision shall not be liable in tort for the acts or omissions of an officer, employee or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in any manner exhibiting wanton and wilful disregard of human rights, safety, or property.
(Emphasis added). Here, the only allegations were that the officers severely and brutally beat and kicked the plaintiff while handcuffed and then intentionally drove the vehicle in a manner to cause additional injury to the plaintiff.
The plaintiff chose to proceed against the City only. The plaintiff chose to plead only one count alleging the City was vicariously liable for the severe and brutal treatment of the plaintiff by its officers. The plaintiff chose to proceed on allegations of behavior, supported by the plaintiffs own testimony, that in my view fall within the description of “wanton and wilful disregard of human rights, safety, or property.” This is the level of conduct for which the legislature provided the City with immunity under section 768.28(9)(a), Florida Statutes (2001).
There were no alternative allegations of simple negligence on the part of the officers. Had there been an alternative count for simple negligence, then I would agree with the majority that there were genuine issues of material fact precluding summary judgment. However, under these facts taken in the light most favorable to the plaintiff and the allegations in his complaint, the trial court was correct in entering a summary judgment for the City. I would affirm.

. It is important to note that the plaintiff did not file suit against the individual officers.